IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

**TRAVELERS COMMERCIAL**
**INSURANCE COMPANY,**

  **Plaintiff,**

**v.**          **No.**
             **JURY DEMANDED**

**ADAM SHACKNAI,**

  **Defendants.**

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now Plaintiff, Travelers Commercial Insurance Company, and for its Complaint against Defendant Adam Shacknai states and shows as follows:

1. Plaintiff Travelers Commercial Insurance Company ("Travelers") is a Connecticut corporation with its principal place of business located in Connecticut, and duly qualified to do business in Tennessee.

2. Defendant Adam Shacknai ("Defendant") is a resident and citizen of Shelby County, Tennessee, and may be served with process at his residence located at 1564 Eastmoreland Avenue, Memphis, Tennessee 38104.

3. Travelers brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202. This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1332 as it is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

4. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391, and Local Rule of Court 77.1(c), because it is the district in which the policy of insurance in question was issued and in which Defendant resides.

5. Plaintiff Travelers issued its Homeowner's Policy of Insurance, policy number 988795955 633 1 (copy attached as **Exhibit A**), to Adam Shacknai with effective dates of May 25, 2011 through May 25, 2012. This policy was in full force and effect on or about July 13, 2011, and at all times pertinent to this action.

6. On July 12, 2013, a Complaint for wrongful death was filed in the United States District Court for the Southern District of California by Mary Zahau-Loehner as the personal representative of Rebecca Zahau, deceased and Robert Zahau, deceased, Estate of Rebecca Zahau, Estate of Robert Zahau and Pari Z. Zahau against Defendant Adam Shacknai, seeking compensatory damages, reimbursement of funeral expenses, pecuniary damages, personal property damages, and punitive and exemplary damages. The Complaint bears the docket number 13-CV-1624-W-NLS. That action was dismissed on November 12, 2013 and for purposes of the present action is not at issue.

7. On or about November 13, 2013, a wrongful death action was filed by Mary Zahau-Loehner as the personal representative of Rebecca Zahau, deceased and Robert Zahau, deceased, Estate of Rebecca Zahau, Estate of Robert Zahau and Pari Z. Zahau against Defendant Adam Shacknai in the Superior Court of the State of California bearing docket number 37-2013-00075418-CU-PO-CTL. (Copy attached hereto as **Exhibit B**). May 21, 2015, a Second Amended Complaint was filed in that matter, a copy of which is attached hereto as **Exhibit C**.

8.  The allegations of the Second Amended Complaint, pertaining to Defendant Adam Shacknai, attempt to assert causes of action of wrongful death, battery, negligence and conversion arising out of the July 13, 2011 death of Rebecca Zahau.

9.  Defendant Adam Shacknai has demanded that Plaintiff Travelers provide a defense and indemnity for the above-referenced State Court lawsuit, pending in the Superior Court of the State of California, County of San Diego. Plaintiff Travelers is providing a defense under full reservation of rights.

10. Plaintiff Travelers contends and asserts that it has no duty under its Homeowner's Policy, policy number 988795955 633 1, to defend and/or indemnify Defendant Adam Shacknai under the facts alleged in the Second Amended Complaint attached hereto as **Exhibit C**. Therefore, an actual, justiciable controversy exists relating to the legal rights and duties of the parties named herein.

11. Plaintiff Travelers' Homeowner's Policy states in part:

**DEFINITIONS**
…
2. "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.

…
10. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results during the policy period, in:
    a. "bodily injury"; or
    b. "property damage".
    "Occurrence" also means an offense, including a series of related offenses, committed during the policy period that results in "personal injury".
11. "Property Damage" means physical injury to, destruction of, or loss of use of tangible property.
14. "Personal injury" means injury, other than "bodily injury", caused by any of the following offenses committed during the policy period:
    a. False arrest, detention or imprisonment;
    b. Malicious prosecution;

    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d. Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

    e. Oral, written or electronic publication of material that violates a person's right of privacy.

…

## SECTION II – LIABILITY COVERAGES
## COVERAGE E – PERSONAL LIABILITY

If a claim is made or a suit is brought against any "insured" for damages because of "bodily injury", "personal injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages for which the "insured" is legally liable. Damages include prejudgment interest awarded against the "insured"; and
2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability is exhausted by the payment of a judgment or settlement.

…

## SECTION II – EXCLUSIONS
### A. Coverage E – Personal Liability and Coverage F – Medical Payments to Others.

Coverage E and F do not apply to "bodily injury" or "property damage":

1. Which is expected or intended by an "insured" even if the resulting "bodily injury" or "property damage":
   a. Is of a different kind, quality or degree than initially expected or intended; or
   b. Is sustained by a different person, entity, real or personal property, than initially expected or intended.

However, this exclusion **A.1.** does not apply to "bodily injury" resulting from the use of reasonable force by an "insured" to protect persons or property.

### C. Coverage E – Personal Liability

Coverage E does not apply to:

…

8. "Personal Injury":
   a. Arising out of an act an "insured" commits or conspires to commit with the knowledge that the act would violate the rights of another and would inflict "personal injury";

   …

   d. Arising out of a criminal act an "insured" commits or conspires to commit;

    12. According to the allegations of the Second Amended Complaint, the actions taken by Defendant Adam Shacknai include conspiring to murder and murdering

Rebecca Zahau by committing one or more of the following: striking her head, restraining her, binding her legs, gagging her, binding her hands, binding her ankles, removing tape from her legs, strangling her, making and putting a noose around her neck, tying the noose to a bed, carrying her to a balcony and pushing her over the railing, removing evidence, and covering up the conspiracy.

13. Pursuant to the above-referenced provisions of Travelers' Homeowner's Policy, and the facts alleged in the Second Amended Complaint, Plaintiff Travelers contends that it has no duty to defend and/or indemnify Defendant Adam Shacknai in that cause or to provide coverage for any liability arising out of the alleged murder of Rebecca Zahau because such act does not meet the definition of "occurrence" under the policy.

14. Additionally, Plaintiff contends that it has no duty to defend and/or indemnify Defendant pursuant to the exclusionary language of the policy set forth in full herein which states that "Coverage E and F do not apply to bodily injury or property damage: 1. which is expected or intended by an insured…."

15. Plaintiff contends that it has no duty to defend and/or indemnify Defendant to the extent that the claimed damages meet the definition of "personal injury," due to the exclusion for personal injury section C.8.a. and d. set forth herein.

16. Plaintiff demands a jury in this cause.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Travelers Commercial Insurance Company prays:

1. That process issue and be served upon the Defendant requiring him to answer this Complaint for Declaratory Judgment;

  2. For a declaration of rights, obligations, and legal relations of the Plaintiff and Defendant by reason of the aforesaid policy of insurance;

  3. For a declaration that Plaintiff is not obligated to furnish legal counsel or otherwise provide a defense on behalf of Defendant in the case pending in the Superior Court of the State of California bearing docket number 37-2013-00075418-CU-PO-CTL;

  4. For a declaration that Plaintiff is not obligated to provide indemnity for Defendant in the case pending in the Superior Court of the State of California bearing docket number 37-2013-00075418-CU-PO-CTL.;

  5. For the costs of this cause; and

  6. For such other relief to which Plaintiff may be entitled under the facts and circumstances of this cause.


  Respectfully submitted,

  RAINEY, KIZER, REVIERE & BELL, P.L.C.


By: s/Russell E. Reviere
  RUSSELL E. REVIERE , BPR #07166
  JONATHAN D. STEWART, BPR #023039
  *Attorneys for Plaintiff State Farm Fire and Casualty Company*
  209 E. Main Street
  P.O. Box 1147
  Jackson, TN  38302‑1147
  (731) 423‑2414